UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSE RIVERA,

                                    Plaintiff,

                    v.

MR. BRIAN FISHER, Commissioner of the
  New York State Department of Correctional
  Facility (DOCS),
MR. RICHARD ROY, Commissioner/Inspector
  General of the New York State Department of
  Correctional Services (DOCS, I.G.),
MR. JAMES CONWAY, Superintendant, Attica
  Correctional Facility,
LIEUTENANT (LT.) J. GILMORE, Watch
  Commander of Attica Correctional Facility on
  January 11, 2007,
SERGEANT (SGT.) MR. THOMAS C. HAPPELL,
  Correctional Supervisor of Attica Correctional
  Facility, C-Block Yard, on January 11, 2007, and
CORRECTION OFFICER (CO) MR. DAVID SPOYER,
  Attica Correctional Facility C-3 yard entrance on
  January 11, 2007,

                                    Defendants.

_____

|  |  |
|---|---|
| **REPORT** | |
| **and** | |
| **RECOMMENDATION** | |
| | |
| **09-CV-00552A(F)** | |

APPEARANCES:          GOLDBERGER & DUBIN, P.C.
                      Attorneys for Plaintiff
                      PAUL A. GOLDBERGER, of Counsel
                      401 Broadway
                      Suite 306
                      New York, New York 10013
                                  and
                      STACEY ANNE VAN MALDEN, of Counsel
                      6629 Broadway
                      Suite 7H
                      Bronx, New York 10471

ERIC T. SCHNEIDERMAN
Attorney General, State of New York
Attorney for Defendants
KATHLEEN M. KAZOR
Assistant Attorney General, of Counsel
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on August 10, 2011, for all pretrial matters. The matter is presently before the court on Defendants' motion to dismiss for failure to prosecute (Doc. No. 36), filed March 22, 2013.

## BACKGROUND and FACTS[1]

On June 16, 2009, Plaintiff Jose Rivera ("Plaintiff"), an inmate then incarcerated at Attica Correctional Facility ("the correctional facility" or "Attica"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, based on an assault on January 11, 2007, by two other inmates, gang members in the C-Block exercise yard at the correctional facility, during which Plaintiff's face was slashed with a razor. Plaintiff maintains the assault was intended as retaliation against Plaintiff who previously acted as an informant at Sing Sing Correctional Facility ("Sing Sing"), where Plaintiff was incarcerated in the 1990s. Plaintiff alleges Defendants, employees of New York State Department of Corrections and Community Supervision ("DOCCS"), violated his Eighth

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Amendment rights by failing to protect Plaintiff from the assault and failing to maintain a prison policy requiring each inmate pass through a metal detector before entering an exercise yard. Plaintiff seeks relief for injuries sustained as a result of the assault, including permanent facial disfigurement, nerve damage, and other physical and psychological problems. The Complaint is supported by 66 pages comprising exhibits A through L ("Plaintiff's Exh(s). __"), including medical records, correctional facility reports, and inmate grievances filed by Plaintiff all in connection with the assault. By Decision and Order filed March 8, 2010 (Doc. No. 5) ("March 8, 2010 D&O"), Plaintiff's motion for appointment of counsel (Doc. No. 3) was denied. March 8, 2010 D&O at 13.

Copies of the interrogatories Plaintiff posed to each Defendant were filed on November 5, 2010 (Docs. Nos. 6 through11) ("Plaintiff's interrogatories"). To date, Defendants have filed no responses to Plaintiff's interrogatories. Defendants' answer was filed on December 31, 2010 (Doc. No. 13). A Scheduling Order filed February 15, 2011 (Doc. No. 16) ("First Scheduling Order"), established, *inter alia*, March 31, 2011 as the deadline for motions to join parties or amend the pleadings, December 31, 2011 as the discovery cutoff, with Plaintiff to initiate discovery through interrogatories and document requests by April 15, 2011. First Scheduling Order ¶¶ 1, 3. Expert witnesses were to be identified by Plaintiff by August 31, 2011, and by Defendants by October 31, 2011. *Id.* ¶ 4. On March 30, 2011, Plaintiff filed a declaration (Doc. No. 17) ("Plaintiff's Declaration"), advising Plaintiff had filed Plaintiff's Declaration to ensure his compliance with the First Scheduling Order's direction that all motions to join parties or to amend the Complaint be filed by March 31, 2011. Attached as exhibits to Plaintiff's Declaration are exhibits A thorough O (Docs. Nos. 17-1 through 17-5) consisting of more than 100

pages containing much information that would be responsive to Defendants' probable

discovery requests were they to serve any.

According to an April 20, 2011 Text Order (Doc. No. 18), Plaintiff advised he had

retained Kevin Bowman, Esq. ("Bowman"), as counsel, and Bowman was directed to

file a notice of appearance within ten days.  Bowman, however, never filed the notice of

appearance as directed.

On August 10, 2011, Plaintiff moved to extend to August 31, 2011, the deadline

for initiating discovery (Doc. No. 21) ("First Motion to Extend Discovery"), asserting

Bowman was not approached to represent Plaintiff in this action until April 2011, that

although Plaintiff executed a retainer agreement with Bowman on June 16, 2011, and

Bowman did not receive the executed retainer agreement until July 21, 2011, after

Plaintiff was transferred to another correctional facility, such that it was impossible for

Plaintiff to initiate discovery by July 31, 2011.  First Motion to Extend Discovery ¶¶ 4-7.

Plaintiff indicated Defendants concurred with extending Plaintiff's discovery initiation

deadline to August 31, 2011.  *Id.* ¶ 7.  On August 31, 2011, with the First Motion to

Extend Discovery still unaddressed, Plaintiff filed Discovery Demands (Doc. No. 22), a

Demand for Documents (Doc. No. 23), and a motion to extend the deadline for Plaintiff

to identify expert witnesses and provide expert reports to October 31, 2011, advising

Defendants did not oppose such request (Doc. No. 24) ("Motion to Extend Expert

Disclosure").  Motion to Extend Expert Disclosure ¶ 3.

At a scheduling conference held on October 24, 2011, Defendants requested,

and the undersigned granted, an extension of 60 days to respond to Plaintiff's discovery

requests, and Plaintiff's First Motion to Extend Discovery and Motion to Extend Expert

Disclosure were dismissed as moot. October 24, 2011 Minute Entry (Doc. No. 26). An amended scheduling order filed October 25, 2011 (Doc. No. 27) ("Amended Scheduling Order"), required mandatory disclosures be made by December 8, 2011, discovery be completed by August 31, 2012, and experts be identified by Plaintiff by October 12, 2012, and by Defendants on December 31, 2012. Amended Scheduling Order ¶¶ 1, 3, and 5. The docket contains no further activity until July 24, 2012 when Plaintiff's deposition was noticed for August 29, 2012 (Doc. No. 29).

On October 11, 2012, Plaintiff moved to amend the Amended Scheduling Order (Doc. No. 32), seeking an extension of 60 days of all deadlines to permit Bowman to address financial issues that had arisen between Bowman and Plaintiff. On October 15, 2012, Plaintiff's motion to amend was granted and the First Amended Scheduling Order (Doc. No. 34) ("First Amended Scheduling Order"), was filed, establishing December 12, 2012, as the deadline for Plaintiff to identify experts, February 28, 2013, as the deadline for Defendants to identify experts, and scheduling a settlement conference for February 20, 2013. First Amended Scheduling Order ¶¶ 2, 3. When Plaintiff's counsel, Bowman, failed to appear at the February 20, 2013 settlement conference, the settlement conference was rescheduled for March 21, 2013. February 20, 2013 Minute Entry (Doc. No. 35). Plaintiff's counsel also failed to appear at the rescheduled March 21, 2013 settlement conference, causing the undersigned to observe Defendants could move to dismiss the action based on Plaintiff's failure to prosecute, and to extend Defendants' deadline for filing dispositive motions to July 29, 2013. March 21, 2013 Minute Entry (Doc. No. 41).

On March 22, 2013, Defendants filed the instant motion seeking to dismiss the

action based on Plaintiff's failure to prosecute (Doc. No. 36) ("Defendants' Motion"), the Memorandum of Law in Support of Defendants' Motion to Dismiss for Failure to Prosecute (Doc. No. 37) ("Defendants' Memorandum"), the Declaration of Brian P. Rider (Doc. No. 38) ("Rider Declaration"), and the Declaration of Assistant Attorney General Kathleen M. Kaczor ("A.A.G. Kaczor") (Doc. No. 39) ("Kaczor Declaration"), with attached exhibits A through F ("Defendants' Exh(s). __").

On April 11, 2013, Bowman moved to withdraw as Plaintiff's counsel (Doc. No. 44) ("Motion to Withdraw"). On April 19, 2013, Plaintiff filed a substitution of counsel (Doc. No. 45), indicating Plaintiff was now represented by Paul A. Goldberger, Esq. By Text Order filed April 22, 2013, Bowman's Motion to Withdraw was dismissed as moot.

On April 22, 2013, Plaintiff filed the Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to FRCP 41(f) (Doc. No. 47) ("Plaintiff's Response"), and the Certification of Counsel in Opposition to Defendants' Motion to Dismiss for Failure to Prosecute Pursuant to FRCP 41(b) (Doc. No. 48) ("Van Malden Certification"). On April 30, 2013, Defendants filed the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss for Failure to Prosecute (Doc. No. 49) ("Defendants' Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion (Doc. No. 36), should be DENIED.


## DISCUSSION

Pursuant to Fed.R.Civ.P. 41(b) ("Rule 41(b)"), an action may be dismissed on the merits and with prejudice if the plaintiff fails to prosecute or to comply with the

6

Federal Rules of Civil Procedures, or a court order.  Although Rule 41(b) does not

define what constitutes a "failure to prosecute," the Second Circuit Court of Appeals has

stated that such failure "can evidence itself either in an action lying dormant with no

significant activity to move it or in a pattern of dilatory tactics."  *Lyell Theatre Corp. v.*

*Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  It is within a district judge's discretion to

dismiss an action for failure to prosecute.  *United States ex rel. Drake v. Norden*

*Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  *See also Alvarez v. Simmons Market*

*Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (whether to grant a motion

seeking dismissal under Rule 41(b) "is a matter committed to the discretion of the

district court." (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962)).  Because

"dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme

situations," the Second Circuit has "fashioned guiding rules that limit a trial court's

discretion in this context." *Id.* (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d

Cir. 1993), and *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  The

guiding rules include

> whether (1) the plaintiff's failure to prosecute caused a delay of significant
> duration; (2) plaintiff was given notice that further delay would result in dismissal;
> (3) defendant was likely to be prejudiced by further delay; (4) the need to
> alleviate court calendar congestion was carefully balanced against plaintiff's right
> to an opportunity for a day in court; and (5) the trial court adequately assessed
> the efficacy of lesser sanctions."

*Id.* (citing cases).

"No one factor is dispositive," and the record must be considered as a whole. *Id.*   In the

instant case, consideration of these five factors does not support dismissal of the action

for failure to prosecute.

1.      **Duration of Failure**

Defendants point to Plaintiff's failure to take any action with respect to this case

since April 2011 when Plaintiff advised the court he had retained counsel, yet said

counsel never filed a notice of appearance and, to date, no mandatory disclosures, in

accordance with Fed.R.Civ.P. 26(a)(1), have been served, nor has Plaintiff made any

expert disclosures despite obtaining two extensions of the time in which to do so.

Defendants' Memorandum at 11.  Defendants also remind the court of difficulties

encountered in attempting to schedule Plaintiff's deposition, which was to be taken

telephonically, including several unanswered communications with Plaintiff's former

counsel, Bowman, regarding the date for such deposition and requesting Bowman's

assistance in arranging for the court reporter and Bowman's presence at the

correctional facility for the deposition, as well as general discovery issues. *Id.*; Kaczor

Declaration ¶¶ 3-6; Defendants' Exhs. A and B.  Bowman, however, did not respond to

Defendants' request until A.A.G. Kaczor, by letter to the undersigned dated August 10,

2012, sought judicial intervention from the undersigned to schedule the deposition, after

which Defendants needed an extension of the discovery cutoff to complete the

deposition.  Defendants' Memorandum at 11; Kaczor Declaration ¶¶ 7-8; Defendants'

Exhs. C and D.  Shortly after Plaintiff's deposition commenced on September 25, 2012,

Bowman directed Plaintiff not to answer questions, in violation of the undersigned's

Deposition Guidelines, attached to and so ordered by the Amended Scheduling Order

(Doc. No. 27), requiring the parties to seek direction via a conference call with the

undersigned, after which Bowman continued to object to questions on grounds other

than form, in further violation of the Deposition Guidelines, thereby delaying the

deposition despite being aware of strict time constraints for the deposition.  Defendants'

Memorandum at 11; Kaczor Declaration ¶ 9; Defendants' Exh. E.  Since Plaintiff's

deposition, Plaintiff has failed to communicate with Defendants, and also failed to serve

Defendants with a settlement demand, or to attend two conferences scheduled before

the undersigned on February 20, 2013, and March 21, 2013.  Defendants'

Memorandum at 11-12; Kaczor Declaration ¶¶ 10-17; Defendants' Exh. F.

In opposition, Plaintiff argues the delay in proceedings was short and caused by

confusion regarding procedures, and can also be attributed to Defendants' own delay in

this action, including Defendants' failure to notice Plaintiff's deposition more than a

month before the discovery deadline to allow sufficient time for the correctional facility

to accommodate the request as well as for follow-up discovery such as independent

medical examinations, the need for which would become evident during the deposition,

and that despite being granted permission to further depose Plaintiff to complete the

deposition, Defendants have made not attempt to schedule the deposition's

continuation.  Plaintiff's Response at 3-4.  According to Plaintiff, Bowman's objections

made at Plaintiff's deposition show only "zealous advocacy for his client," rather than an

intent to delay.[2] *Id.* at 3.  Plaintiff further asserts that mandatory disclosures were made

by Plaintiff  while proceeding *pro se*.  *Id.* at 4.  Plaintiff also distinguishes the facts of the

cases to which Defendants cite in support of dismissal as involving a failure to

prosecute at the pretrial conference stage with no steps taken in furtherance of litigation

once the complaint was filed, as compared to the instant case where Plaintiff has

---

[2] Defendants did not move to compel compliance with the Deposition Guidelines or for sanctions
for Plaintiff's counsel's asserted violations.

appeared for his deposition, and has provided discovery while proceeding *pro se*. *Id.*

Furthermore, Plaintiff attributes the delay to his former counsel, Bowman, asserting the

delay was only two months during which Bowman failed to appear at settlement

conferences. *Id.* at 5.

In further support of dismissal, Defendants argue Plaintiff's delays are "long-

standing," given this action "has been pending for years and plaintiff has nothing to

show for it." Defendants' Reply at 6. According to Defendants, the last action taken by

Plaintiff to advance his case was on August 31, 2011 when Plaintiff filed his discovery

demands, but since then has not provided any Rule 26 mandatory disclosure, deposed

any witness, provided any expert discovery, submitted a settlement statement, nor

appeared at two court-ordered conferences. *Id.* Defendants also point to Plaintiff's

failure to take any action in this case since his September 25, 2012 deposition which,

as discussed, Defendants were unable to timely complete because Plaintiff failed to

answer questions as directed. *Id.* at 7.

It is beyond dispute that discovery in this action has not been smooth.

Nevertheless, a fair reading of the record establishes the delays can be attributed to

Defendants as well as Plaintiff. Significantly, Defendants have not provided Plaintiff

with any mandatory disclosures or responses to Plaintiff's Interrogatories Plaintiff

served on November 5, 2010, while proceeding *pro se*, as well as Plaintiff's Discovery

Demands and Demand for Documents served on August 31, 2011. Nor have

Defendants explained what mandatory disclosures they have yet to receive in light of

the numerous exhibits Plaintiff filed with the Complaint, as well as those attached to

Plaintiff's Declaration, filed March 30, 2011, shortly before Plaintiff retained counsel.

The record also does not indicate whether Defendants ever served Plaintiff with any

discovery demands, despite Local Rule of Civil Procedure 5.2(f)'s requirement that "all

discovery materials in *pro se* cases shall be filed with this Court."  That the voluntary

disclosures made by Plaintiff were sufficient is strongly suggested by the absence of

any discovery demands from Defendants, as well as that Defendants proceeded to

schedule and depose Plaintiff, implying the information Defendants had already

received from Plaintiff allowed Defendants to prepare for the deposition.

Insofar as Defendants assert this action has been pending for five years,

Defendants' Reply at 7, the action was commenced on June 16, 2009, and had been

pending for less than four years when Defendants' motion was filed on March 22, 2013.

Furthermore, the docket indicates the longest period of time without any activity in the

case from October 25, 2011, when the Amended Scheduling Order was filed, until July

24, 2012, when A.A.G. Kaczor filed her notice of appearance on behalf of Defendants

(Doc. No. 28), and noticed Plaintiff's deposition (Doc. No. 29).  During those nine

months, however, the only deadlines set by the Amended Scheduling Order to expire

were the December 8, 2011 deadline for mandatory disclosures which, as discussed,

Plaintiff made but Defendants did not, and the December 30, 2011 deadline for motions

to amend the pleadings or join parties.  Moreover, with regard to Defendants' assertion

that Plaintiff failed to submit a settlement demand in violation of Local Rule of Civil

Procedure 16, Defendants' Memorandum at 11-12, the docket indicates Defendants

have failed to provide mandatory disclosures pursuant to Rule 26, or to file any

discovery demands as required under Local Rule of Civil Procedure 5.2(f).

These circumstances simply fail to support finding significant delay justifying

11

dismissal based on Plaintiff's failure to prosecute.

**2.     Notice of Dismissal**

Defendants argue that Plaintiff received sufficient notice his case could be dismissed for failure to prosecute because each scheduling order entered in this action contained a warning that Plaintiff's failure to comply with a court order could result in the action's dismiss.  Defendants' Memorandum at 14.  In opposition, Plaintiff argues the scheduling orders are equivocal because they do not provide that dismissal will occur upon Plaintiff's failure to attend a pre-trial conference, and that lesser sanctions to coerce Plaintiff's compliance have not been tried.  Plaintiff's Response at 5.  In further support of dismissal, Defendants maintain the scheduling orders are not equivocal but, rather, provide that the court "will enter appropriate sanctions" against Plaintiff or his counsel "including dismissal of this action, if appropriate."  Defendants' Reply at 7.

A case may not be dismissed for failure to prosecute absent notice to the Plaintiff.  *Shannon v. General Electric Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999).  Here, however, the court's determination Discussion, *supra*, at 8-12, that the delay in proceedings, although not condoned, does not indicate Plaintiff's disinterest in the action so as to warrant dismissal for failure to prosecute, also establishes that dismissal of the action is not an appropriate sanction for any delay attributable to Plaintiff.

Accordingly, the second factor also weighs against dismissal.

**3.     Prejudice to Defendants**

Defendants argue that because Plaintiff attributes the assault he endured on

January 11, 2007, more than six years ago, to Plaintiff's role as a confidential informant when incarcerated at Sing Sing more than 13 years ago, Plaintiff's memory with regard to such events has faded, and two of the six Defendants from whom Plaintiff seeks relief have retired from DOCCS, such that any delay in the instant action is prejudicial to Defendants. Defendants' Memorandum at 14-15. Plaintiff argues in opposition that because the delay in this action was of relatively short duration, Defendants' arguments on this point are largely irrelevant. Plaintiff's Response at 5. According to Plaintiff, the relevant facts are recorded in the disclosures Plaintiff has already made to Defendants, lessening any prejudice to Defendants caused by any delay. *Id.* Plaintiff also maintains the delay of which Defendants complain occurred while Plaintiff was transitioning between attorneys and was of short duration. *Id.* at 6. Furthermore, Plaintiff asserts Defendants's "utter" failure to respond to any of Plaintiff's discovery demands, including those Plaintiff served while proceeding *pro se*, as well as those served by his former counsel, has prejudiced Plaintiff. *Id.* In further support of dismissal, Defendants assert Plaintiff's delay in prosecuting this action caused Defendants to suffer actual prejudice by expending time and resources appearing at conferences at which Plaintiff failed to appear, and at Plaintiff's deposition which could not be completed, and "responding to discovery while Plaintiff produced nothing," and that incurring the additional costs of a summary judgment motion and trial defense would further prejudice Defendants. Defendants' Reply at 8-9.

"Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre Corp.*, 682 F.2d at 43 (internal

citations omitted).  Here, the record fails to establish that the prejudice to Defendants

caused by Plaintiff's inaction, if any, was greater than any prejudice to Plaintiff caused

by Defendants' failure to provide discovery, including mandatory disclosures as well as

responses to Plaintiff's discovery requests made while proceeding *pro se*, and by

Bowman.  Significantly, although Defendants assert they expended time and money

"responding to discovery while Plaintiff produced nothing," Defendants' Reply at 8,

Defendants have not filed any discovery responsive to Plaintiff's discovery requests, or

their own discovery requests, both of which Local Rule 5.2(f) requires to be filed.

Furthermore, despite baldly asserting Plaintiff has failed to provide discovery,

Defendants have not moved to compel discovery.  Accordingly, the record establishes

the third factor weighs against dismissal.


**4.      Balancing Calendar Congestion and Due Process Rights**

According to Defendants, Plaintiff's delay in prosecuting this action has

necessitated the rescheduling of conferences and Plaintiff's deposition, as well as court

intervention, clogging the court's docket and delaying resolution of other cases.

Defendants' Memorandum at 15-16.  In opposition, Plaintiff argues that despite the

need for judicial intervention and rescheduling of conferences and Plaintiff's deposition,

this action has been vigorously prosecuted, asserting any failure by Plaintiff's former

counsel to appear when scheduled will not be repeated by Plaintiff's new counsel.

Plaintiff's Response at 6-7.   In further support of dismissal, Defendants object to what

they characterize as Plaintiff's attempt to blame Bowman for the delays, asserting

Plaintiff cannot be excused from the consequences of his prior counsel's conduct.

Defendants' Reply at 9.

Although consideration of the court's calendar congestion must be balanced with Plaintiff's due process right to present his case, there is no denial of due process where an action is dismissed based on the plaintiff's own failure to litigate his case. *Norden Systems, Inc.*, 375 F.3d at 257. *See also Dodson v. Runyon*, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). In the instant case, Plaintiff's failure to appear at two conferences scheduled before the undersigned, as well as the need to reschedule Plaintiff's deposition, have not significantly contributed to the court's calendar congestion. As such, this factor weighs against dismissal.

### 5.    Consideration of Lesser Sanctions

Defendants argue that lesser sanctions would be ineffective given that the undersigned has already attempted to remedy Plaintiff's failure to prosecute this action by allowing Plaintiff additional time to submit a discovery demand, which has yet to be filed, and by rescheduling court appearances, only to have Plaintiff fail to appear at the rescheduled conferences. Defendants' Memorandum at 16. Plaintiff maintains that numerous lesser sanctions than dismissal would remedy the situation at hand, including an order requiring strict compliance with further scheduling orders under penalty of dismissal or limiting Plaintiff's opportunity to conduct further discovery. Plaintiff's Response at 7. In further support of dismissal, Defendants maintain no lesser sanction than dismissal would be effective. Defendants' Reply at 9.

Because dismissal of an action is "'a harsh remedy to be utilized only in extreme situations,'" *Harding v. Fed. Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), the court is required to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from Plaintiff's inaction. *Norden Systems, Inc.*, 375 F.3d at 257 ("we must consider whether lesser sanctions would have been sufficient to remedy any prejudice resulting from the plaintiff's delay."). Here, because the record establishes that the delay in this action is equally attributable to Plaintiff and Defendants, dismissal is too harsh a sanction especially considering, contrary to Defendants' assertions, no previous sanctions have been imposed. Because the court does have a strong interest in the timely resolution of this action, an order should issue admonishing Plaintiff that any inexcusable failure to abide by the scheduling order will result in dismissal for failure to prosecute.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss for failure to prosecute (Doc. No. 36), should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     July 11, 2013
               Buffalo, New York

16

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      July 11, 2013
            Buffalo, New York